UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
MAC TRUONG and MARYSE MACTRUONG,

            Plaintiffs,

                  03 Civ. 3423 (PKC)

    -against-

                  MEMORANDUM
TRAN DINH TRUONG,                  AND ORDER

            Defendant.
-----------------------------------------------------------x
MAC TRUONG and MARYSE MACTRUONG,

            Plaintiffs,

    -against-                  03 Civ. 3424 (PKC)

DAVID M. LEVY, and LEVY, BOONSHOFT &
SPINELLI, P.C.,

            Defendants.
-----------------------------------------------------------x
MAC TRUONG and MARYSE MACTRUONG,

            Plaintiffs,

    -against-                  03 Civ. 3425 (PKC)

CHARLES SCHWAB & CO., LAYTON BROOKS
& HECHT LLP, EAMONN F. FOLEY, AND
SILLS, CUMMIS, RADIN, TISCHMAN,
EPSTEIN & GROSS,

            Defendants.
-----------------------------------------------------------x

P. KEVIN CASTEL, U.S.D.J.:

        Judgment in the above-captioned cases was entered pursuant to a Memorandum and Order dated February 5, 2007, familiarity with which is assumed. See Truong v. Tran Dinh Truong, Nos. 03 Civ. 3423(PKC), 03 Civ. 3424(PKC), 03 Civ. 3435(PKC), 2007 WL 415152

(S.D.N.Y. Feb. 5, 2007).  On February 14, 2007, plaintiffs filed notices of appeal in all three cases.  The docket sheets reflect that on May 24, 2007, plaintiffs withdrew their appeals in Truong v. Tran Dinh Truong, No. 03 Civ. 3423, and Truong v. Levy, No. 03 Civ. 3424.  (See Doc. No. 31 in 03 Civ. 3423; Doc. No. 15 in 03 Civ. 3424.)  The appeal has not been withdrawn in Truong v. Charles Schwab & Co., No. 03 Civ. 3425.

These three cases, at bottom, involve a dispute between plaintiffs and defendants regarding the ownership of funds that were maintained in various accounts at Charles Schwab & Co. ("Schwab").  The accounts were held in the names of Mac Truong ("Truong") and his family members.  In the 1970's, Truong had been hired by Tran Dinh Truong ("Tran") on behalf of Vietnamese shipping companies to recover assets in the United States.  Truong recovered funds and eventually transferred some or all of those funds into his family's personal accounts.  In the ensuing litigation in New York Supreme Court, Schwab was ordered to release the accounts, which were interpleaded in the litigation, to Tran and the shipping companies.

These cases are not the only cases in this district involving these parties and this controversy.  Six related cases were dismissed on res judicata and/or collateral estoppel grounds by Judge Stein on March 19, 2003.  See Vishipco Line v. Charles Schwab & Co., Nos. 02 Civ. 7823(SHS), 02 Civ. 7846(SHS), 02 Civ. 7877(SHS), 02 Civ. 7915(SHS), 02 Civ. 7928(SHS), 02 Civ. 7929(SHS), 2003 WL 1345229 (S.D.N.Y. Mar. 19, 2003).  Judge Stein also issued a filing injunction against Truong, enjoining him "from commencing any new proceedings, as either a party or as counsel, against Schwab or its attorneys for claims relating to" the disputed funds without prior leave of court.  Id. at *11.  Judge Crotty recently entered judgment against Truong

in Vitranschart, Inc. v. Levy, No. 00 Civ. 3618(PAC) (S.D.N.Y. June 27, 2007), on similar grounds.  Appeals from those decisions are pending.[1]

In the three cases before me, plaintiffs have submitted a "Motion for Reconsideration of Dismissal Orders" pursuant to Rule 60(b)(2), Fed. R. Civ. P.  Plaintiffs' moving papers are dated August 30, 2007.  Plaintiffs submitted supplemental papers dated August 31, 2007.  These submissions constitute the record on the motion.  Plaintiffs' seek to have the judgments entered against them pursuant to my Memorandum and Order of February 5, 2007 set aside.  It also appears that plaintiffs seek an order from this Court directing the Second Circuit to consolidate all of their cases on appeal and remand them to me for a decision on the merits.

Rule 60(b) Standard

Rule 60(b)(2) provides that "[o]n motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for . . . (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b) . . . ."  Rule 60(b), Fed. R. Civ. P.  To grant a Rule 60(b) motion, "courts require that the evidence must be highly convincing, that a party show good cause for the failure to act sooner, and that no undue hardship be imposed on other parties."  Kotlicky v. United States Fidelity & Guaranty Co., 817 F.2d 6, 9 (2d Cir. 1987) (internal quotation marks and citations omitted).  The movant must show that "(1) [the] newly discovered evidence is of facts existing at the time of [the prior decision]; (2) the moving party is excusably ignorant of the facts despite using due diligence to learn about them; (3) newly discovered evidence is admissible and probably effective to change the result of the former ruling; and (4) the newly

---

[1] All of these cases were originally assigned to Judge Stein.  Case numbers 03 Civ. 3423 and 03 Civ. 3424 were reassigned to me on December 18, 2003; Case number 03 Civ. 3425 was reassigned to me on September 30, 2004.  Case number 00 Civ. 3618 was reassigned from Judge Stein to Judge Crotty on August 25, 2005.

discovered evidence is not merely cumulative . . . of evidence already offered." Fidelity Partners, Inc. v. First Trust Co. of N.Y., 58 F. Supp. 2d 55, 59 (S.D.N.Y. 1999).

Discussion

As noted above, in one of the cases before me, Truong v. Charles Schwab & Co., No. 03 Civ. 3425(PKC), plaintiffs have filed a notice of appeal that has not been withdrawn. The filing of a notice of appeal divests this Court of jurisdiction. See Griggs v. Consumer Discount Co., 459 U.S. 56, 58 (1982); Drywall Tapers & Pointers of Greater N.Y. v. Nastasi & Assocs. Inc., 488 F.3d 88, 94 (2d Cir. 2007). The notice of appeal was not unauthorized nor is it a nullity. Since the instant motion was filed after the notice of appeal, this Court lacks jurisdiction to decide the motion on the merits. The motion in Truong v. Charles Schwab & Co., No. 03 Civ. 3425(PKC) is therefore denied without prejudice.

In Truong v. Tran Dinh Truong, No. 03 Civ. 3423(PKC), and Truong v. Levy, No. 03 Civ. 3424(PKC), no appeals are pending. The "newly discovered" evidence is a transcript of an oral argument dated August 16, 2007 before Justice Gammerman of the New York Supreme Court, and various papers related thereto. The case in which the argument was heard was Truong v. Charles Schwab, Index No. 604650/97. That case is the original litigation between and among these parties. The details and procedural history of that litigation are discussed in my prior opinion in Truong v. Tran Dinh Truong, 2007 WL 415152, at *3.

The August 16, 2007 argument addressed a motion by Truong to reopen the proceedings in the New York Supreme Court and clarify Justice Gammerman's Order of September 26, 2002 in that case. The September 26, 2002 Order directed Schwab to release the funds in the interpleaded accounts to Tran and the shipping companies. Schwab complied with that Order and released all of the interpleaded funds to Truong's adversaries. Truong never

5

appealed that decision, and had not pursued any relief from the September 26, 2002 Order in the New York State Courts until he filed the motion to reopen in July 2007.

On the motion to reopen, Truong argued that Justice Gammerman should have ordered an accounting before directing Schwab to release the funds. An accounting was necessary, according to Truong, to determine what portion of the assets in the interpleaded accounts were traceable to his misconduct and what portion belonged to him and his family. It has been Truong's position in the subsequent litigations in federal court that Schwab unlawfully converted or misappropriated his and his family's property by releasing the entirety of the accounts to Tran and the shipping companies.

Justice Gammerman denied Truong's motion. In so-ruling, Justice Gammerman stated that "if you [Truong] maintain that Schwab improperly turned over money that belonged to you unrelated to any of the monies that you collected in connection with this claim of these shipping lines, you start a lawsuit against Schwab in an appropriate court and that issue can be litigated. . . . But it's not going to be litigated within the framework of this lawsuit."  (Tr. at 7.) No aspect of this ruling modifies the substance or effect of the prior rulings in that case releasing the funds to Truong's adversaries.

To the extent that Justice Gammerman suggested that Truong commence another litigation against Schwab, Truong is enjoined from filing such an action without prior leave of court. The injunction is not before me and did not arise in the context of the above-captioned cases. The injunction entered by Judge Stein was entered in a case not assigned to me, which is now on appeal. Truong's avenues for relief, if any, do not lie in the actions before me.

The Rule 60(b)(2) motions that are before me are denied. Truong has proffered no "highly convincing" evidence of facts existing at the time of my prior decision that would

6

change or alter the result of the ruling. Justice Gammerman, in denying Truong's motion, left intact and unchanged the previous opinions and orders in the state court litigation. Nothing has changed since February 5, 2007, and no new evidence has been discovered.

Conclusion

For the foregoing reasons, the Rule 60 motion in Truong v. Charles Schwab & Co., No. 03 Civ. 3425(PKC) is DENIED without prejudice. The Rule 60 motions in Truong v. Tran Dinh Truong, No. 03 Civ. 3423(PKC), and Truong v. Levy, No. 03 Civ. 3424(PKC), are DENIED. The Clerk shall close out the motions in all three cases.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
September 27, 2007